George T. Vandermeulen,
Off. Ref. This is an action brought by Albert J. Hanna, as plaintiff, against Paul J. Clarke, as president of Empire State Telephone Workers’ Organization, and Empire State Telephone Workers Organization. The title of the action originally named William H. Klingle, as president, but the present president has been substituted by stipulation. The action is brought for a declaratory judgment, declaring that the purported action of the executive committee of the union, under date of June 25, 1957, purporting to remove the plaintiff as executive delegate of Buffalo Local No. 1 for not taking an “ active ” part in the meeting of April 24, 1957, was null, void and illegal and of no effect, and that the plaintiff was deprived of a fair hearing and opportunity to defend himself and that plaintiff is entitled to be redesignated and re-elected as executive delegate of Buffalo Local No. 1 without the approval of the executive committee of the union.
A joint meeting of the organization and management was called and held on April 24, 1957 to discuss and act upon a *981 proposal by management for group life insurance. The plaintiff as executive delegate, was present representing Buffalo Local No. 1, and apparently took an active part in the discussion.
A motion was made by the plaintiff that the insurance proposal be submitted to the membership for a referendum which was not seconded but a motion to submit the question of a referendum to counsel for the union was passed. Plaintiff voted on the motion.
Plaintiff made a motion that the proposal of the management be signed by the executive committee. The vote was in the affirmative and the plaintiff so voted.
Apparently thereafter a heated discussion took place in which the plaintiff advocated the submission of the proposal to the referendum, insisting that the action of the executive committee was only a tentative approval. However, the majority of the executive committee disagreed and the agreement was then and there signed.
Feeling that he could not sign the agreement in view of the instructions from his local, he made out his resignation as executive delegate, presented it to the president of the executive committee and left the meeting to call the president of his local. The local refused to accept his resignation.
At a meeting held May 21, 1957, charges were drafted by Mr. Bork and two other members of the executive committee as follows:
“We charge, A. J. Hanna, the Executive Delegate from Buffalo Local #1, in accordance to Article 15, Section 7, Paragraph (A) of our Constitution which reads as follows:
‘ Duties of an Executive Delegate
‘ ‘ Attend and take an active part in all the Executive Committee Meetings.’
“ He didn’t fulfill his duty when on April 24, 1957, at a meeting he made a motion to sign the Group Life Insurance stipulation which was seconded and passed by a majority vote of the Executive Committee. At this time, he went into a rage and stated that the Executive Committee was ridiculous in its decision and submitting themselves to dictatorship of management. He then walked out of this meeting and didn’t stay to fulfill his obligations to act on the very same motion that he himself had introduced.”
The plaintiff was informed that a hearing on the charges would be held June 25, 1957. The executive president of the union was advised by letter dated June 14, 1957 that he was. to undergo dental surgery on June 17 and there is no question *982 in my mind but what the plea for postponement of the hearing was justified by reason of the plaintiff’s condition. His request for a postponement was refused and the union proceeded with the hearing.
The question was raised as to the jurisdiction of the Supreme Court of the State of New York over the instant case. I am of the opinion that the case of Madden v. Atkins (4 N Y 2d 283) determines this question in the affirmative.
The question arose in my mind whether to order a hearing at which all parties would be represented by counsel with the right of direct and cross-examination of witnesses. But after a careful examination of the record, the documents and other papers produced in evidence, I am convinced that a hearing will serve no useful purpose, for practically all that could be adduced by the plaintiff and the defendants has already been produced at the hearing.
"While the attitude and actions of the plaintiff were childish, undignified and irritating and certainly not commendable, nevertheless, they did not justify his being charged under article 15 (§ 7, par. [A]) of the constitution.
I think the members of the executive committee were so irritated and angered and probably justifiably so, that this prompted them to make the charges and not the alleged failure of the plaintiff to take an active part in all the executive committee meetings. He did attend and take an active part except for part of a meeting. This is emphasized by the fact that the executive committee would not adjourn the hearing on the charges by reason of the plaintiff’s illness.
Plaintiff is granted a declaratory judgment decreeing the action of the executive committee null and void and enjoining the executive committee from disapproving his redesignation on the ground that he violated 'article 15 (§ 7, par. [A]) of the constitution upon which ground the afore-mentioned charges were preferred against him.